CHARLES PRICE, RESPONDENT, v. NEW YORK CENTRAL RAILROAD COMPANY, APPELLANT.

Submitted December 4, 1919—Decided April 9, 1920.

Whether the trial court will order the withdrawal of a juror and direct a mistrial for alleged misconduct on the part of counsel in addressing the jury, is a matter addressed to the discretion of the trial court, and a refusal to take such action affords no basis for the reversal of a judgment on review.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice MINTURN.

For the appellant, *Vredenburgh, Wall & Carey.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action is based upon the Federal Employers' Liability act. The plaintiff sued to recover for injuries received while acting as fireman on an interstate passenger train of the defendant company, claiming that his injury was caused by his being struck on the head by a fire hook carried on an engine which passed the plaintiff's engine, going in an opposite direction. The accident occurred a short distance west of the westerly portal of the Weehawken tunnel. The trial resulted in a verdict in favor of the plaintiff, and on the application of the defendant company a rule to show cause why that verdict should not be set aside and a new trial granted was allowed. The rule contained the following reservations—first, whether the trial court erred in refusing to order a nonsuit; second, whether it erred in refusing to direct a verdict in favor of the defendant, and third, the objections noted to the refusal of the trial court to withdraw a juror and declare a mistrial. The rule to show cause having been disposed of the defendant brought its appeal for the purpose of reviewing the matters reserved.

It is contended that the trial court erred in refusing to nonsuit and to direct a verdict, because there was nothing in the proofs to justify the conclusion that there was any negligence upon the part of the crew, or any of its members, on the passing engine, in the manner of the placing of the fire hook upon that engine. The testimony of the plaintiff himself showed that the end of this fire hook was so close to the side of the engine upon which he, the plaintiff, was riding at the time of the accident that it struck him on the head while he was leaning out on the side of the cab for the purpose of observing whether the signal at the westerly portal of the tunnel was properly set for his train, and it does not appear that in doing this he was performing the duty which rested upon him in a negligent manner. Under these circumstances, it was clearly a question for the jury to say whether there was negligence in so placing this fire hook that it was a menace to a fireman on a passing train. The motions to nonsuit and to direct a verdict were, therefore, properly refused.

The only other matter reserved in the rule to show cause was the objection noted to the refusal of the trial court to withdraw a juror and declare a mistrial, upon the ground that the address of plaintiff's counsel to the jury was highly improper and clearly illegal. For the purpose of disposing of this phase of the appellant's case, it may be conceded that the address of plaintiff's counsel to the jury was such as to justify the adverse criticisms made upon it by his adversary. But whether the trial court will order the withdrawal of a juror and direct a mistrial for such misconduct, is a matter addressed to the discretion of the court, and a refusal to take such action affords no basis for the reversal of a judgment on review. It was so expressly held by the Court of Errors and Appeals in the case of *Smith* v. *Brunswick Laundry Co.*, 93 *N. J. L.* 438.

The argument of counsel is largely directed at what he considers the failure of the trial court to properly admonish plaintiff's counsel and to impress upon the jury the necessity of entirely disregarding his objectionable remarks. But, assuming (although not conceding) that the criticism upon the action of the court is justified by the fact, this non-performance of duty on the part of the judge cannot now avail the appellant, for there is nothing in the reservations of the rule which entitles it to present such matter before us as a ground for reversal.

The judgment under review will be affirmed.